IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRISCA SALGADO SALVADOR, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>PNC BANK, N.A.,<br><br>    Defendant.<br>_____/ | No. C 14-2219 RS<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND** |

   Pursuant to Civil Local Rule 7-1(b), the unopposed motion to dismiss is suitable for disposition without oral argument and the hearing set for July 17, 2014 is hereby vacated.  In this action, removed from state court on diversity grounds, plaintiffs allege, in essence, that defendant exploited their limited English skills and took advantage of them in connection with a residential mortgage transaction.  Plaintiffs attempt to state claims for fraud, negligent misrepresentation, and breach of the covenant of good faith and fair dealing.  Defendant moves to dismiss, contending fraud is not pleaded with adequate specificity, that plaintiffs have not pleaded a duty sufficient to support a negligent misrepresentation, and that the allegations do not show a contractual breach of the covenant of good faith and fair dealing.

   Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id*. Rule 9(b) applies to the fraud elements of a claim under RICO.

Without concluding that each and every argument raised by defendant's motion has merit, it is clear that the complaint fails to satisfy these standards. *See also*, *Fortaleza v. PNC Financial Services Group, Inc*., 642 F.Supp.2d 1012 (N.D. Cal 2009) (dismissing similar claims for inadequate pleading of fraud and breach of contract). It further appears that plaintiffs may have abandoned this action. Accordingly, the motion to dismiss is granted, with leave to amend. In the event no amended complaint is filed by July 31, 2014, the action will be dismissed and the file closed, without further notice.

IT IS SO ORDERED.

Dated: 7/11/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE